**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0542-24

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

SEAN J. CHARLTON,

 Defendant-Appellant.

_____

Submitted November 17, 2025 – Decided December 12, 2025

Before Judges Natali and Walcott-Henderson.

On appeal from the Superior Court of New Jersey, Law Division, Gloucester County, Indictment No. 21-02-0090.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Abby P. Schwartz, Designated Counsel, on the brief).

Andrew B. Johns, Gloucester County Prosecutor, attorney for respondent (Michael Mellon, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Sean J. Charlton appeals from a September 23, 2024 order denying his petition for post-conviction relief ("PCR") without an evidentiary hearing. Defendant's sole argument is that sentencing counsel failed to argue for a reduced sentence based on his prior mental health and substance abuse issues and, thus, the court erred in denying his PCR petition. Discerning no error by the PCR court, we affirm.

Following a bank robbery, defendant was charged with first-degree robbery, N.J.S.A. 2C:15-1(a)(2), and third-degree terroristic threats, N.J.S.A. 2C:12-3(a). On November 19, 2021, defendant pleaded guilty to first-degree robbery before Judge Mary Beth Kramer. In exchange, the State agreed to recommend an eleven-year sentence subject to the No Early Release Act ("NERA").

On January 20, 2022, defendant was sentenced to an eleven-year term subject to NERA and a five-year parole supervision period with credit for 486 days already served in custody from September 21, 2020, to January 19, 2022, as well as to withdraw restitution.

At sentencing, Judge Kramer noted defendant's prior hospitalizations and health issues, as well as his history of drugs, alcohol, and mental health evaluations, all of which were outlined in the Pre-Sentence Report. The judge

2

found the following aggravating factors should be given substantial weight: the risk of re-offending (factor three); the extent of prior criminal history (factor six); and the need for deterrence (factor nine). The court also gave moderate weight to defendant's willingness to cooperate with law enforcement by pleading guilty (factor twelve). And, the court found the aggravating factors of the risk of re-offending (factor three), the extent of prior criminal history (factor six), and the need for deterrence (factor nine), as well as the mitigating factor of defendant's willingness to cooperate with law enforcement (factor twelve), noting the negotiated plea was entitled to a presumption of reasonableness.

Defendant did not file a direct appeal of his conviction or sentence. Instead, in July 2023, defendant filed a PCR petition as a self-represented litigant, which was later supplemented by counsel, alleging ineffective assistance of counsel for failure to investigate and present mitigating evidence at sentencing related to his history of psychiatric illness and substance abuse.

Following oral argument, Judge William F. Ziegler, denied the petition without an evidentiary hearing. The court issued a seventeen-page opinion addressing each of defendant's arguments.

First, the court noted defendant knowingly, willingly, and voluntarily accepted the State's plea deal, contrary to his claims.

3

The court next discussed defendant's argument that his plea counsel was ineffective for failing to discuss or present any mitigating factors, and for specifically failing to present evidence of his history of substance abuse and mental health issues. On this point, Judge Ziegler noted the sentencing court's reference to defendant's prior drug use and mental health evaluations, which were extracted from his Pre-Sentence Report. Judge Ziegler concluded that "[u]ltimately, the [sentencing] court found that the aggravating factors substantially outweighed the mitigating factors" and sentenced defendant in accordance with the plea agreement "on the low-end of the sentencing range for a first-degree offense."

In addressing defendant's third argument—plea counsel was ineffective from failing to engage in motion practice, conduct pre-trial or post-trial or sentencing investigations—Judge Ziegler noted defendant's failure to identify what motions he believed counsel should have filed. The judge explained that defendant also failed to demonstrate what plea counsel failed to investigate or what any such investigation would have uncovered, "supported with any affidavits or certifications based on the personal knowledge of the person making the statement." Finally, Judge Ziegler concluded defendant provided no factual basis for his conclusory allegations that counsel's conduct was not the

4

result of trial strategy, and instead relied entirely on bald assertions that "counsel's failure to conduct investigations at the pre-trial, post-trial and sentencing phases of the underlying criminal investigation compromised his defense and unduly prejudiced his case."

Defendant raises a single point for our consideration, arguing:

> POINT 1
>
> TRIAL COUNSEL FAILED TO INVESTIGATE DEFENDANT'S PSYCHIATRIC AND SUBSTANCE ABUSE HISTORY AND THEREFORE FAILED TO PRESENT THEM IN AN ARGUMENT FOR A SENTENCE LOWER THAN THAT CALLED FOR IN THE PLEA BARGAIN. THIS VIOLATED DEFENDANT'S RIGHT TO EFFECTIVE COUNSEL.

We review the PCR court's legal and factual determinations de novo because it rendered its decision without an evidentiary hearing. State v. Harris, 181 N.J. 391, 419 (2004); State v. Aburoumi, 464 N.J. Super. 326, 338-39 (App. Div. 2020). As directed by our Supreme Court, we "view the facts in the light most favorable to the defendant." State v. Jones, 219 N.J. 298, 311 (2014). We review under an abuse-of-discretion standard the PCR court's decision to proceed without an evidentiary hearing. State v. L.G-M., 462 N.J. Super. 357, 365 (App. Div. 2020).

5

To establish a claim of ineffective assistance of counsel, a defendant must demonstrate: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984) (quoting U.S. Const. amend. VI); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-prong test in New Jersey); see also State v. Gideon, 244 N.J. 538, 550-51 (2021) (describing the two required prongs under Strickland). The first prong of the Strickland test requires a defendant to establish counsel's performance was deficient. State v. Preciose, 129 N.J. 451, 463 (1992). "The second, and far more difficult, prong of the [Strickland] test is whether there exists 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Id. at 463-64 (quoting Strickland, 466 U.S. at 694). This prima facie claim must raise more than mere bald assertions or vague, conclusory statements. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

Where, as in this case, a defendant pleads guilty, that plea must be made "voluntarily, knowingly, and intelligently." State v. J.J., 397 N.J. Super. 91, 98 (App. Div. 2007) (quoting State v. Howard, 110 N.J. 113, 122 (1988)). To demonstrate "prejudice after having entered a guilty plea, a defendant must

prove 'that there is a reasonable probability that, but for counsel's errors, [they] would not have pled guilty and would have insisted on going to trial.'" State v. Gaitan, 209 N.J. 339, 351 (2012) (quoting State v. Nunez-Valdez, 200 N.J. 129, 139 (2009)). A defendant must show that, "had [they] been properly advised, it would have been rational for [them] to decline the plea offer and insist on going to trial and, in fact, that [they] probably would have done so[.]" State v. Maldon, 422 N.J. Super. 475, 486 (App. Div. 2011).

Guided by the above principles, we reject defendant's arguments the PCR court erred in denying his petition and affirm substantially for the reasons expressed in Judge Ziegler's thorough and well-reasoned written opinion. We add the following brief comments.

In reviewing the record, we note that the relevant information regarding defendant's prior history of mental health issues and substance abuse was specifically discussed by the court during sentencing. It is thus of no moment that the court considered this information because it was included in the Pre-Sentence Report rather than specifically argued by plea or sentencing counsel.

Moreover, defendant has not convinced us that counsel's representation was either constitutionally defective on this basis, or that he was prejudiced by counsel's failure to specifically argue for a further reduced sentence based on

7

his history of substance abuse and mental health concerns. Thus, defendant cannot satisfy <u>Strickland</u>'s two-part test and his petition was properly denied. <u>Strickland</u>, 466 U.S. at 687.

Significantly, defendant also does not argue he would have rejected the State's favorable plea offer and opted for trial. To the contrary, the record shows that facing the prospect of a sentence in excess of twenty years if convicted of first-degree robbery, N.J.S.A. 2C:15-1 and terroristic threats, N.J.S.A. 2C:12-3(a) as charged in the indictment, defendant knowingly and voluntarily entered a guilty plea to the first-degree charge in exchange for a favorable sentence of eleven years incarceration, subject to NERA, with dismissal of the remaining third-degree charge.

Lastly, because defendant failed to establish a prima facie case of ineffective assistance of counsel, he was not entitled to an evidentiary hearing. <u>See</u> <u>State v. Porter</u>, 216 N.J. 343, 355 (2013); <u>R.</u> 3:22-10(b).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-0542-24